# EXHIBIT "B"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DUSTIN SCOTT STIPEK; MARTEN TRANSPORT SERVICES, LTD.;
MARTEN TRANSPORT, LTD.; and DOES 1-50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MOAWIAH ALBALAWNEH

**FILED**
Superior Court of California
County of Riverside
**9/21/2021**
**C. Nakagawa**
Electronically Filed

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main Street<br>Riverside, California 92501 | CASE NUMBER:<br>*(Número del Caso):* **CVRI2104283** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samer Habbas, Bar No. 243683                        Fax No.: (949) 727-9308
Law Offices of Samer Habbas & Associates, Inc., P.C.        Phone No.: (949) 727-9300
200 Spectrum Center Drive, Suite 1230, Irvine, CA 92618

DATE:                                      Clerk, by _____, Deputy
*(Fecha)* **9/21/2021**          *(Secretario)* Christine Nakagawa    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**FILED**
Superior Court of California
County of Riverside
**9/21/2021**
**C. Nakagawa**
Electronically Filed

Samer Habbas, Bar No. 243683
LAW OFFICES OF SAMER HABBAS & ASSOCIATES, INC., P.C.
200 Spectrum Center Dr. Ste. 1230
Irvine, CA 92618
Phone: (949)727-9300
Fax: (949)727-9308

Attorneys for Plaintiff, Moawiah Albalawneh

# SUPERIOR COURT OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| MOAWIAH ALBALAWNEH,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DUSTIN SCOTT STIPEK; MARTEN TRANSPORT SERVICES, LTD.; MARTEN TRANSPORT, LTD.; and DOES 1-50, INCLUSIVE,<br><br>                    Defendants, | Case No.:  **CVRI2104283**<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>  1.  **NEGLIGENCE (MOTOR VEHICLE)**<br>  2.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff, MOAWIAH ALBALAWNEH, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over each Defendant because they are residents of and/or doing business in the State of California.

2.      Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because (a) the Defendants, or some of them, reside in the County of Riverside

## PARTIES

3.      Plaintiff MOAWIAH ALBALAWNEH ("ALBALAWNEH") is domiciled in the State of California and resides in San Bernardino County.

- 1 -

**COMPLAINT FOR DAMAGES**

4.        Defendant DUSTIN SCOTT STIPEK ("STIPEK") is domiciled in the State of Indiana.

5.        Defendant MARTEN TRANSPORT SERVICES, LTD., and Defendant MARTEN TRANSPORT, LTD., (collectively, "MARTEN TRANSPORT") are incorporated in the State of Delaware and have their principal place of business in the State of Wisconsin.

6.        Defendant MARTEN TRANSPORT provides full truckload transportation services to 48 states, including the State of California.

7.        Defendant MARTEN TRANSPORT specifically maintains a transportation terminal at 11033 Harrel Street, Jurupa Valley, in the county of Riverside, in the State of California. The terminal, in addition to providing transportation services, sits on 23 acres of land and houses maintenance facilities, a small office, and a driver's lounge. Defendant MARTEN TRANSPORT regularly conducts business through this terminal.

8.        Defendants whose names and identities are unknown are sued herein under the names DOES 1 to 50 (hereinafter "DOES"). Plaintiff is informed and believes, and on that basis alleges, that the DOE defendants are responsible in some manner for the damages and injuries hereinafter complained of. Plaintiff will amend this complaint and give notice to the DOE defendants upon learning of their names and capacities.

9.        Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, each defendant was the agent, servant and employee of the other defendants and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer. At all times herein, defendants, and each of them, were acting under the color of state law.

## GENERAL ALLEGATIONS

10.       Plaintiff ALBALAWNEH hereby re-alleges and incorporates paragraphs 1 through 9, inclusive, of this Complaint as though each allegation was set forth at length herein.

11.       On December 31, 2019, Plaintiff ALBALAWNEH was parked at a Pilot Travel Center semi-truck parking lot located at 2630 North 600, in the city of West Greenfield, in the State of Indiana.

12.       At that time, Plaintiff ALBALAWNEH was in the sleeper compartment of his semi-truck

parked next to another truck driven by Defendant STIPEK that had an attached trailer owned by Defendant MARTEN TRANSPORT.

13.     At approximately 7:03 a.m., Defendant STIPEK began maneuvering out of the Pilot parking lot. As he was doing so, the back right of Defendant MARTEN TRANSPORT's trailer struck against Plaintiff ALBALAWNEH's truck, waking Plaintiff up.

14.     Plaintiff ALBALAWNEH, visibly shaken, promptly got out of the sleeper compartment and attempted to get Defendant STIPEK's attention.

15.     Defendant STIPEK then backed up his semi-truck, slamming Defendant MARTEN TRANSPORT's trailer directly into Plaintiff ALBALAWNEH, causing him to be thrown on the ground.

16.     Plaintiff ALBALAWNEH, dazed and confused, got up and pursued Defendant STIPEK on foot, the adrenaline in his body from the physical trauma of being hit preventing him from feeling his injuries at that time.

17.     Defendant STIPEK proceeded to flee the scene, leaving Plaintiff ALBALAWNEH alone and clearly injured.

18.     Officers of the Hancock County Sheriff's Department arrived at the scene and conducted an investigation, collecting video footage of the accident to identify Defendant STIPEK.

## **FIRST CAUSE OF ACTION**

## **NEGLIGENCE**

### **(Plaintiff ALBALAWNEH Against ALL Defendants)**

19.     Plaintiff ALBALAWNEH hereby re-alleges and incorporates paragraphs 1 through 18, inclusive, of this Complaint as though each allegation was set forth at length herein.

20.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that Defendant STIPEK owed Plaintiff a duty of care to act as a reasonably prudent driver and avoid injuring persons such as Plaintiff operating motor vehicles on the shared roadway.

21.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that

**COMPLAINT FOR DAMAGES**

Defendant STIPEK breached his duty of reasonable care on the date of the subject accident by causing Defendant MARTEN TRANSPORT's trailer to collide into Plaintiff's semi-truck and then subsequently causing the trailer to collide directly into Plaintiff.

22.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that Defendant MARTEN TRANSPORT owned the trailer attached to Defendant STIPEK's semi-truck on the date of the subject accident.

23.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that Defendant STIPEK was within the course and scope of his employment with Defendant MARTEN TRANSPORT at the time of the subject accident.

24.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that Defendant MARTEN TRANSPORT knew or should have known that Defendant STIPEK was unfit to operate a motor vehicle with one of their MARTEN TRANSPORT trailers attached to it.

25.     Plaintiff ALBALAWNEH is informed and believes, and on this basis alleges, that Defendant MARTEN TRANSPORT, despite its actual or constructive knowledge of Defendant STIPEK's incompetence as a driver, permitted Defendant STIPEK to operate a semi-truck with a MARTEN TRANSPORT trailer attached to it.

26.     Based upon information and belief, Plaintiff ALBALAWNEH believes that Defendants, and each of them, were negligent, and said negligence was a substantial factor in causing harm to Plaintiff.

27.     Defendant Stipek was negligently retained, trained, and supervised by Defendant Marten Transport as they should have known that he was unfit to operate a tractor-trailer and that he would pose a harm to the safety of the public.

28.     As a direct and proximate result of the negligence of each of the defendants, Plaintiff ALBALAWNEH has sustained damages all in an amount according to proof at trial.

29.     As a direct and proximate result of the negligence of each of the defendants, Plaintiff ALBALAWNEH has suffered a loss or diminution of his wages, time, or income, all in a sum according to proof at trial.

- 4 -

## SECOND CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff against DEFENDANT STIPEK)

30.     Plaintiff ALBALAWNEH hereby re-alleges and incorporates paragraphs 1 through 27, inclusive, of this Complaint as though each allegation was set forth at length herein.

31.     On the date of the subject accident, Plaintiff ALBALAWNEH was sound asleep in the sleeping compartment of his semi-truck when he was suddenly awakened by Defendant STIPEK ramming a MARTEN TRANSPORT trailer into his vehicle.

32.     Plaintiff ALBALAWNEH, shocked and visibly injured from the first impact by Defendant STIPEK, attempted to get Defendant STIPEK's attention.

33.     Instead of adhering to Plaintiff ALBALAWNEH's distress call, Defendant STIPEK proceeded to directly ram the MARTEN TRANSPORT trailer into Plaintiff's body, completely throwing Plaintiff on the ground.

34.     Defendant STIPEK personally heard and observed that Plaintiff ALBALAWNEH was severely injured from the multiple impacts but proceeded to drive away with full knowledge that he was leaving Plaintiff ALBALAWNEH alone, distressed, and injured.

35.     Plaintiff ALBALAWNEH, left alone at the scene of the accident, was immediately concerned about paying for the damage to his vehicle, obtaining and paying for medical care, and was distressed as to whether Defendant STIPEK's identity would ever be ascertained. Plaintiff was also unaware of the severity and extent of his injuries, causing him further emotional distress.

36.     The actions of Defendant STIPEK as described herein and above constitute outrageous conduct through which Defendant STIPEK acted with intent to cause, or reckless disregard for the probability to cause, Plaintiff ALBALAWNEH mental anguish and substantial and enduring emotional distress.

37.     As a direct and proximate result of Defendant STIPEK's actions against Plaintiff ALBALAWNEH, as alleged above, Plaintiff has suffered special damages including but not limited to loss of wages, including front and back pay, and benefits, and consequential damages in an amount to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

38.     As a further direct and proximate result of Defendant STIPEK's actions against Plaintiff ALBALAWNEH, as alleged above, Plaintiff has suffered and continues to suffer general damages including but not limited to significant and enduring emotional distress including humiliation, mental anguish and physical distress, injury to mind and body, in a sum to be proven at time of trial, in excess of the minimum jurisdictional requirements of this Court.

39.     Plaintiff ALBALAWNEH is further entitled to prejudgment interest in an amount to be shown at trial.

## EXEMPLARY DAMAGES
## FOR PLAINTIFF'S SECOND CAUSE OF ACTION
### (Plaintiff against DEFENDANT STIPEK)

40.     Plaintiff ALBALAWNEH hereby re-alleges and incorporates paragraphs 1 through 37, inclusive, of this Complaint as though each allegation was set forth at length herein.

41.     Defendant STIPEK knew or should have known that serious injury would result to Plaintiff ALBALAWNEH after twice impacting Plaintiff's body and vehicle on the date of the accident.

42.     Defendant STIPEK, in fact, personally heard and observed that Plaintiff ALBALAWNEH was injured.

43.     Defendant STIPEK, upon realizing that an accident had occurred, was obligated to immediately stop the vehicle and render aid and reasonable assistance to Plaintiff if able to. *Karl v. C.A. Reed Lumber Company*, 275 Cal.App.2d 358 (1969). *Karl* held that the failure to stop and render aid after an injury-causing accident may constitute an independent wrong, irrespective of any responsibility for the original injury. *Id*. at 361.

44.     Defendant STIPEK, despite having full knowledge that Plaintiff ALBALAWNEH was injured, fled the scene, disregarding the common law objective of preventing further harm to an injured Plaintiff and in blatant disregard of California law necessitating individuals such as Defendant STIPEK to remain at the scene.

45.     Defendant STIPEK's actions as described herein and above are a conscious disregard of

- 6 -

1  safety which may justify an award of exemplary damages. *Taylor v. Superior Court of Los Angeles*, 24
2  Cal.3d 890, 895 (1979).
3      46.      Defendant STIPEK's failure to remain at the scene and subsequent fleeing was willful,
4  wanton, malicious, oppressive, and in conscious disregard and callous indifference to Plaintiff
5  ALBALAWNEH's safety and rights and with awareness of the risk of injury thereby caused.
6  Furthermore, his actions are criminal as they are in violation of the Penal Code.
7      47.      Plaintiff ALBALAWNEH is thus entitled to and herein seeks punitive and exemplary
8  damages from Defendant STIPEK, in an amount according to proof at trial, to punish Defendant and
9  deter Defendant and others from engaging in similar future conduct.

## JURY DEMAND

Plaintiff ALBALAWNEH hereby demands a jury trial on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER

WHEREFORE, Plaintiff ALBALAWNEH demands judgment against ALL Defendants as follows:

1. Actual and compensatory damages in a sum according to proof at time of trial;

2. Consequential and incidental damages in a sum according to proof at time of trial;

3. General damages, including damages for mental and emotional distress, in a sum according to proof at time of trial;

4. Payment of Plaintiff's costs and reasonable attorneys, to the full extent authorized by statute, contract, or law.

5. Pre judgment interest at the legal prevailing rate;

6. For punitive and exemplary damages in a sum according to proof at trial;

7. For costs of suit herein incurred; and

8. For such other and further relief as the court deems proper.

**COMPLAINT FOR DAMAGES**

Dated:  September 21, 2021               **LAW OFFICES OF SAMER HABBAS**

By:   _____
      Samer Habbas
      Attorney for Plaintiff,
      Moawiah Albalawneh

**COMPLAINT FOR DAMAGES**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104283

**Case Name:**   ALBALAWNEH vs STIPEK

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Carol A. Greene in Department 2 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

 

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

C. Nakagawa, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Samer Habbas, Bar No. 243683<br>Law Offices of Samer Habbas & Associates, PC<br>200 Spectrum Center Drive, Suite 1230<br>Irvine, CA 92618<br>   TELEPHONE NO.: (949) 727-9300    FAX NO.: (949) 727-9308<br>ATTORNEY FOR *(Name):* Moawiah Albalawneh, Plaintiff | **FILED**<br>Superior Court of California<br>County of Riverside<br>**9/21/2021**<br>**C. Nakagawa**<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
  STREET ADDRESS: 4050 Main Street
  MAILING ADDRESS: 4050 Main Street
  CITY AND ZIP CODE: Riverside 92501
  BRANCH NAME:

CASE NAME:
              Albalawneh v. Stipek, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CVRI2104283**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [X] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 21, 2021
Samer Habbas
_____   ▶   _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Samer Habbas, Bar No. 243683
THE LAW OFFICES OF SAMER HABBAS & ASSOCIATES, INC., P.C,
200 Spectrum Center Dr. Ste. 1230
Irvine, CA 92618

TELEPHONE NO: (949)727-9300    FAX NO. *(Optional)*: (949)727-9308
E-MAIL ADDRESS *(Optional)*: ssh@habbaspilaw.com
ATTORNEY FOR *(Name)*: Plaintiff, Moawiah Albalawneh

*FOR COURT USE ONLY*

# FILED
Superior Court of California
County of Riverside

**9/21/2021**
**C. Nakagawa**

Electronically Filed

PLAINTIFF/PETITIONER: Moawiah Albalawneh

DEFENDANT/RESPONDENT: Dustin Scott Stipek; Marten Transport Services, LTD.; Marten Transport, LTD.; and DOES 1-50

CASE NUMBER:
**CVRI2104283**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐ The action arose in the zip code of: _____

☐ The action concerns real property located in the zip code of: _____

☒ The Defendant resides in the zip code of: 91752 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  September 21, 2021 _____

Samer Habbas, Esq. _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localrules/localrules.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2104283

**Case Name:**  ALBALAWNEH vs STIPEK

Samer Habbas
200 SPECTRUM CENTER DR, STE 1230
Irvine, CA 92618

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/21/2022 | 8:30 AM | Department 2 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

C. Nakagawa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104283

**Case Name:**   ALBALAWNEH vs STIPEK

MOAWIAH ALBALAWNEH

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/21/2022 | 8:30 AM | Department 2 |
| Location of Hearing:<br>**4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

C. Nakagawa, Deputy Clerk

C1-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104283

**Case Name:**   ALBALAWNEH vs STIPEK

DUSTIN SCOTT STIPEK

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/21/2022 | 8:30 AM | Department 2 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
    C. Nakagawa, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104283

**Case Name:**   ALBALAWNEH vs STIPEK

MARTEN TRANSPORT SERVICES, LTD

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/21/2022 | 8:30 AM | Department 2 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

C. Nakagawa, Deputy Clerk

CI-NOCMC
(Rev. 03/08/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104283

**Case Name:**   ALBALAWNEH vs STIPEK

MARTEN TRANSPORT, LTD

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 03/21/2022 | 8:30 AM | Department 2 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 09/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

C. Nakagawa, Deputy Clerk

CI-NOCMC
(Rev, 03/06/20)

 CT Corporation

**Service of Process
Transmittal**
10/15/2021
CT Log Number 540425537

**TO:** Julie Reinhardt
Marten Transport, Ltd.
129 Marten St
Mondovi, WI 54755-1700

**RE:** **Process Served in California**

**FOR:** Marten Transport Services, LTD.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Moawiah Albalawneh // To: Marten Transport Services, LTD. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CVRI2104283 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2021 at 01:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/15/2021, Expected Purge Date: 10/20/2021<br><br>Image SOP<br><br>Email Notification,  Julie Reinhardt  julie.reinhardt@marten.com<br><br>Email Notification,  Brent Johnson  brent.johnson@marten.com<br><br>Email Notification,  Kathy Degenhardt  Kathy.Degenhardt@marten.com<br><br>Email Notification,  Lori Franson  lori.franson@marten.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / NK

 CT Corporation

**Service of Process Transmittal**
10/15/2021
CT Log Number 540425537

**TO:**   Julie Reinhardt
Marten Transport, Ltd.
129 Marten St
Mondovi, WI 54755-1700

**RE:**   **Process Served in California**

**FOR:**   Marten Transport Services, LTD.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Oct 15, 2021

**Server Name:**                   DROP SERVICE


Entity Served              MARTEN TRANSPORT LTD

Case Number                CVRI2104283

Jurisdiction               CA



 CT Corporation

**Service of Process Transmittal**
10/15/2021
CT Log Number 540427049

**TO:**   Julie Reinhardt
Marten Transport, Ltd.
129 Marten St
Mondovi, WI 54755-1700

**RE:**   **Process Served in California**

**FOR:**   Marten Transport Services, LTD.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MOAWIAH ALBALAWNEH vs. DUSTIN SCOTT STIPEK |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CVRI2104283 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2021 at 01:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/15/2021, Expected Purge Date: 10/20/2021 |
| | Image SOP |
| | Email Notification,  Julie Reinhardt  julie.reinhardt@marten.com |
| | Email Notification,  Brent Johnson  brent.johnson@marten.com |
| | Email Notification,  Kathy Degenhardt  Kathy.Degenhardt@marten.com |
| | Email Notification,  Lori Franson  lori.franson@marten.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Fri, Oct 15, 2021

**Server Name:**     DROP SERVICE



| Entity Served | MARTEN TRANSPORT SERVICES LTD |
| --- | --- |
| Case Number | CVRI2104283 |
| Jurisdiction | CA |