31091

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MOAWIAH ALBALAWNEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00653-JRS-TAB |
| ) | |
| DUSTIN SCOTT STIPEK ) | |
| MARTEN TRANSPORT SERVICES, LTD., ) | |
| MARTEN TRANSPORT, LTD., and ) | |
| DOES, ) | |
| Defendants. ) | |

**DEFENDANTS MARTEN TRANSPORT SERVICES, LTD., AND
MARTEN TRANSPORT, LTD., LOCAL RULE 16-2 STATEMENT OF POSITION**

Defendants, MARTEN TRANSPORT SERVICES, LTD. ("Marten Services") and MARTEN TRANSPORT, LTD. ("Marten"), by counsel, THE HUNT LAW GROUP, LLC, pursuant to Local Rule 16-2, submits their Statement of Position as set forth below.

**I.      BACKGROUND**

The present case now pending in the Southern District of Indiana was transferred from The United States District Court for the Central District of California following the motion of Marten and Marten Services to Transfer Venue to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C § 1404(a).

This lawsuit arises out of an alleged accident at a truck stop in Greenfield, Indiana, involving a semi-truck owned by Marten and operated by Dustin Scott Stipek. The plaintiff, Moawiah Albalawneh ("plaintiff"), commenced his lawsuit against Marten and Marten Services and filed his Complaint in the Superior Court of California for the County of Riverside ("Subject Lawsuit"), alleging negligence and intentional infliction of emotional distress with requests for

exemplary damages against Marten and Marten Services. Marten and Marten Services subsequently removed the plaintiff's Subject Lawsuit, pursuant to 28 U.S.C. §§ 1332, 1441, to The United States District Court for the Central District of California. Marten and Marten Services then answered the plaintiff's Subject Lawsuit and asserted the following affirmative defenses: (1) Failure to State a Claim; (2) Estoppel; (3) Laches; (4) Unclean Hands; (5) Improper Venue; (6) Failure to Mitigate Damages; (7) Third-Party Liability; (8) Comparative Negligence; (9) Intervening and Superseding Actions; (10) California Civil Code § 1431.1, *et seq.*; (11) Statute of Limitations; (12) California Civil Code § 3333.4; and (13) Insufficient Facts to Identify Defenses. Marten and Marten Services then filed their Motion to Transfer Venue ("Subject Motion") to this Court.

For the sake of clarity, defendants here assert that Indiana law applies to this suit as the location of the subject occurrence

Judge John W. Holcomb of the Central District of California granted the subject motion of Marten and Marten Services. In doing so, John W. Holcomb held that the Subject Lawsuit arose in Indiana, and the Court adjudicating this case would apply Indiana state law. Judge John Holcomb then ordered the Clerk to transfer the Subject Lawsuit to the United States District Court for the Southern District of Indiana.

To date, the third named defendant, Dustin Scott Stipek, has not yet been served with process.

## II.     CASE SCHEDULE

Prior to transfer from the Central District of California, the Court had not entered a case management schedule. Marten and Marten Services position is that the Court should sent an Initial

Pretrial Conference and the parties should be ordered to file a Case Management Plan in accordance with Local Rule 16-1.

### III. PROTECTIVE ORDER

Marten and Marten Services anticipate negotiating a protective order for Marten and Marten Transport's confidential business information and Dustin Scott Stipek's protected health information. Marten and Marten Services anticipate the plaintiff will request a protective order for the plaintiff's protected health information. Marten and Marten Services expects the parties will negotiate stipulated orders to this effect.

### IV. DISCOVERY

On April 19, 2022, Marten and Marten Services issued written discovery to plaintiff. To date, the plaintiff has not issued written discovery to Marten or Marten Services. Since transfer to this Court, the parties have not met and conferred.

Date:   April 21, 2022                    Respectfully Submitted,

*/s/ Brian J. Hunt*

*/s/ Joseph A. Fay*

Brian J. Hunt, ARDC #6208397
Joseph A. Fay, 37236-45
The Hunt Law Group, LLC
10 S. LaSalle Street, Suite 1450
Chicago, IL  60603
312-384-2300
bhunt@hunt-lawgroup.com
jfay@hunt-lawgroup.com