UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MOAWIAH ALBALAWNEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00653-JRS-TAB |
| | ) | |
| DUSTIN SCOTT STIPEK, | ) | |
| MARTEN TRANSPORT SERVICES, LTD., | ) | |
| MARTEN TRANSPORT LTD, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion to Dismiss**

This case is about a truck crash.  Albalawneh styled his Complaint, (ECF No. 1-2), as several paragraphs of general allegations followed by two "causes of action" and a demand for "exemplary damages."  The parties, well into discovery, have apparently decided that some but not all of Albalawneh's claims have been resolved.  The parties have stipulated, (ECF No. 89-1), to voluntary dismissal of those pieces of the case and seek enforcement of their agreement by a Motion to Dismiss under Rule 41(a)(2), (ECF No. 89), which is now before the Court.

Rule 41(a) is not the proper vehicle for partial dismissal of Albalawneh's claims.  First, the Court reminds the parties that under federal notice pleading, a complaint need not advance legal theories or separate any theories it does advance into separate "causes of action."  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

> Putting each legal theory in a separate count is a throwback to code pleading . . . .  The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. . . . A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and

> different legal theories therefore do not multiply the number of claims
> for relief."

*N.A.A.C.P. v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) (internal citations omitted).  So "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett*, 153 F.3d at 518; *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (also describing the notice pleading complaint as a "starting point").  "Complaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents, such as the pretrial order under Rule 16(e), refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).  Here, then, the partial dismissal the parties seek would simply trim the fat from a complaint that, while imperfect, has served its purpose.  The case is fairly launched.  The parties do not need—and should not expect—the Complaint to reflect an up-to-date view of the case late in discovery.   Editing the Complaint will not change the case.

Second, and more simply, the Seventh Circuit holds that the plain meaning of "action" in Rule 41(a) requires that dismissals under that rule end the whole case, not merely drop individual parties or claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015).  *But see, e.g.*, *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) (describing Rule 41(a)(2) as the "usual[] mechanism" for enacting partial settlements in multi-party cases).  And while the Seventh Circuit suggests that the

Court may construe an improper Rule 41(a) motion for partial dismissal as "a motion to amend [the] complaint under Rule 15(a)(2)," *Taylor*, 787 F.3d at 858, the Court sees no reason to do so here: again, it is useless to amend a pleading that has no further role in the case.

The parties' agreement here is commendable, and the Court applauds their zealous efforts to focus the litigation on only those issues that matter. Procedurally, though, the Motion to Dismiss, (ECF No. 89), must be, and is, **denied.**

**SO ORDERED.**

Date: 07/10/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Andrew Fay
The Hunt Law Group, LLC
joseph.fay@heplerbroom.com

Brian J. Hunt
The Hunt Law Group, LLC
bhunt@hunt-lawgroup.com

Christopher J. McElwee
MONDAY JONES & ALBRIGHT
cmcelwee@mrjalaw.com

Terry L. Monday
MONDAY JONES & ALBRIGHT
tmonday@aol.com